HULDAH C. ROBINSON *v.* SARAH D. ROBINSON, individually, and SARAH D. ROBINSON and DAVID COPELAND, Jr., as administrators of WILLIAM H. ROBINSON, deceased, and SAMUEL B. COLEMAN and DANIEL W. CHASE, as executors, &c., of JOHN H. ROBINSON, deceased.

(GENERAL TERM, SEVENTH DISTRICT, JUNE, 1869.)

A testator mortgaged his individual real estate, to secure the payment of the notes of his firm, and died before their payment, having devised the mortgaged property, without express direction in his will for payment of the mortgage.—*Held*, the firm assets were primarily liable to satisfy the mortgage.

And it seems the devisee would (under § 4, 1 R. S., 749) be chargeable with payment of the mortgage to the extent of any deficiency of the firm assets for that purpose.

And such firm assets, which were sufficient to meet the firm liabilities, including the notes, having come into the hands of his executors through the testator, to whom they came as surviving partner—*Held*, the executors were equitable trustees to pay the partnership debts, and distribute the surplus; and the devisee, being plaintiff in an action for the purpose against them and other necessary parties, was entitled to judgment for satisfaction of the mortgage out of the partnership funds.

THIS was a submission to the General Term for adjudication without action under § 372, of the Code.

J. H. Robinson executed and delivered to the defendant, Sarah D. Robinson, as payee of certain notes signed and delivered in the name of the firm of J. H. R. & Son, whereof he was a member, a mortgage upon real estate belonging to him, conditioned for their payment by the mortgagor. J. H. R. survived his son and sole partner in the firm and died, having devised the mortgaged property as follows:

" After all my lawful debts are paid and discharged, I give, &c." His executors had made payments on the notes. The assets of said firm were more than sufficient to pay all its liabilities.

The controversy related to the rights and liabilities of the property of the firm, that of its deceased members, and of the plaintiff as devisee, with reference to the mortgaged premises, the mortgage and notes, and the payments made and to be made thereon. The parties before the court, were the devisee as plaintiff, the executors of the one and administrators of the other member of the former firm, and the payee and owner of the notes as defendants. The remaining facts are stated in the opinion of the court.

*E. Webster,* for the plaintiff.

*L. G. Angle,* for the executors.

*G. W. Rawson,* for the other defendants.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—JOHNSON, J. The question presented by this case is whether the plaintiff, as devisee of mortgaged premises, shall pay and satisfy the mortgage out of her own funds, or whether it shall be paid out of partnership funds in the hands of the executors of the devisor, who are, with others, interested defendants. The mortgage, as appears upon its face, was executed by the devisor, upon his individual property, to secure the payment of two promissory notes, made and delivered by the firm of J. H. Robinson & Co., of which firm the devisor was a member. The firm consisted of the devisor, J. H. Robinson, and his son, William H. Robinson. The notes were signed in the firm name, and the terms of the promise were, " we promise to pay, &c." Wm. H. Robinson died intestate on the 13th of January, 1867, and the devisor died on the 17th of April, of the same year, leaving his will, by which, after other devises and bequests, the residue of his estate was given to certain residuary lega

tees.    The assets of the firm are sufficient to pay and satisfy
all the partnership debts.    The notes of the firm are the
principal debt; and the mortgage given to secure the pay-
ment of the notes is but an incident.    It is a collateral
security, merely, and has no existence as a demand or claim,
independent of the principal debt which it was given to
secure. (*Merritt* v. *Bartholick*, 36 N. Y. R., 44.)    The notes
are the debt of the partnership, upon their face, and by their
terms; and the fact that one of the partners gave a mortgage
upon his individual property, to secure their payment, raises
no presumption that he had assumed the payment of the
debt, and made it his own, as between himself and his part-
ner.    Being the debt of the partnership, the law devotes the
partnership funds to its payment.    No individual creditor, or
heir, or legatee of either partner, has any right to any
portion of the partnership funds, until all debts of such
partnership are paid.    The interests of such persons are
in the residue only, after the satisfaction of partnership
debts. ˙(*Kirby* v. *Carpenter*, 7 Barb., 373; *Ganson* v. *Lathrop*,
25 id., 455.)    The executors of the devisor insist that the
plaintiff, as devisee of the mortgaged premises, is bound
to satisfy and discharge this mortgage out of her own funds,
there being no express direction in the will that it should be
otherwise paid.    According to the provisions of the Revised
Statutes (1 R. S., 749, § 4), this would be so, undoubtedly, if
this were the individual debt of the devisor, or if there were
no partnership funds applicable to its payment, so that it must
necessarily be paid out of the assets in the hands of the
executors of the testator, unless paid by the devisee of the
mortgaged premises.    The general expression in the will,
" after all my lawful debts are paid and discharged, I give,"
etc., is not " an express direction that the mortgage be other-
wise paid," such as the statute requires, in order to exempt
the devisee from its payment, and charge the executors with
the payment thereof, out of the assets of the testator in their
hands. (*Rapalye* v. *Rapalye*, 27 Barb., 610.)    But this pro-
vision of the statute, it is manifest, does not apply to a case

like this, where the mortgage is a collateral security only, for the debt of others; and the executors have funds in their hands of the principal debtors which the law devotes to the payment of such principal debt. It only applies, as between devisee, or heirs, and the personal representatives of the estate of the testator or intestate. The partnership funds, in the hands of the executors of the testator, do not belong to the estate, except as trust funds. The testator, as surviving partner, took and held the partnership property as a trustee, in equity, to pay off the partnership debts, and dispose of the effects of the concern for the benefit of himself and the estate of his deceased partner. (*Case* v. *Abeel*, 1 Paige, 393.) The executors of the testator took the partnership effects upon the same trust. The estate of the testator cannot be benefited by such effects, until after the partnership debts are paid and satisfied, and then only, to the extent of the share in the remainder, which would have belonged to the testator. These executors must, therefore, devote these partnership funds, as the law devotes them, to the payment and satisfaction of partnership debts. They must execute the trust upon which they are held. They cannot be permitted to retain the money in their hands in violation of such trust, and compel the devisee of a surety to pay the debt. They have no right to convert such funds, into the funds of the estate in their hands, until the trusts are all executed, and then only the testator's share of the remainder. Neither the widow and heirs of William H. Robinson, deceased, nor the residuary legatees of the testator, have any equities as respects these partnership funds, against the claims of the plaintiff to have such funds applied to pay the partnership debts for which the land devised to her is charged by way of security. The principal debtor has no equities against his surety, to compel the latter to pay the debt, unless he has placed funds in his hands for that purpose. Here the funds are in the hands of the executors, who stand as trustees, charged with the duty of paying this debt. The land devised is not the fund provided by the partners for the

payment of this debt; and the devisee is not to be charged with its payment, and driven to seek relief in another action against both estates. The parties are all before the court, and all the interests involved can be determined in this proceeding. The plaintiff is entitled to judgment, requiring and compelling the executors of her devisor to pay the debt which the mortgage in question was given to secure, out of the partnership funds in their hands, and to have the mortgage satisfied and discharged of record.

Judgment accordingly.